NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS D. MERAZ FARIAS,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-4163

Agency No.
A215-671-008

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Petitioner Luis David Meraz Farias, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

an Immigration Judge's ("IJ") order denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252 and affirm.

1. Farias failed to exhaust his challenges to the IJ's denial of asylum and withholding of removal. We "may review a final order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is a mandatory rule if raised by the government). "To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on the issue.'" *Suate-Orellana*, 101 F.4th at 629 (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)).

Farias's two-page appellate brief before the BIA includes no statement that could have put the BIA on notice that Farias was challenging the IJ's nexus finding. Farias's failure to exhaust his claim before the agency bars our court's review. *Id.* Additionally, Farias failed to challenge the BIA's finding of waiver in his opening brief before our court, which forfeits any argument against that waiver determination. *Lui v. DeJoy*, 129 F.4th 770, 780 (explaining that "arguments … omitted from the opening brief are usually deemed forfeited") (citation omitted). This forfeiture and failure to exhaust are fatal to Farias's

25-4163

applications for both asylum and withholding of removal. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

2. Substantial evidence supports the agency's denial of CAT relief. CAT "provides mandatory relief for any immigrant who can demonstrate that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023) (quoting *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004)).

Farias was threatened once in Mexico but never physically harmed, which standing alone fails to rise to the level of torture. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th Cir. 2019). The fact that Farias's family members continue to live in his hometown in Mexico unharmed also lends support to the agency's denial of CAT relief. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020). Moreover, Farias merely speculated that he could not relocate safely within the country of Mexico, which also supports the denial of CAT relief. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011); *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022). And Farias similarly offered only conjecture that the Knights Templar threatened him "at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). On this record, a

reasonable factfinder could conclude that Farias failed to satisfy his burden of demonstrating eligibility for CAT relief.

**PETITION DENIED.**[1]

---

[1] Farias's opposed motion to stay removal pending appeal (Dkt. No. 3) is denied.

25-4163